



**Gentile & Dickler, LLP**
**Attorneys for Plaintiff**
**261 Madison Avenue**
**New York, NY 10016**
**(212) 619-2700**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **EXP GROUP, LLC.,** | : | |
| | : | |
| *Plaintiff,* | : | **Case No.** |
| **v.** | : | |
| | : | |
| **LOS COMPADRES PRODUCTS CORP.** | : | |
| **and JOSEFA F. PEREZ,** | : | **COMPLAINT** |
| | : | |
| *Defendant.* | : | |

Plaintiff, EXP Group, LLC. ("EXP Group"), by its attorneys, Gentile & Dickler,

LLP, complaining of the Defendants herein, alleges as follows:

## JURISDICTION & VENUE

1.      Jurisdiction in this Court is based on the Perishable Agricultural

Commodities Act of 1930, as amended ("PACA"), 7 U.S.C. § 499a, *et seq*.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that the

Defendants have their principal place of businesses in this District; and 28 U.S.C. §

1331 and § 1337(a), because the cause of action arises under a statute regulating

interstate commerce, and Plaintiff's commodities were delivered to Defendants in this District.

## PARTIES

3.      EXP Group is a dealer in perishable agricultural commodities (hereinafter "Produce"), licensed by the United States Department of Agriculture ("USDA"), with its principal place of business located at 2500 83rd Street 2-W, North Bergen, NJ 07047.  EXP Group's license number is 20060720

4.      On information and belief, the Defendant Los Compadres Products Corp. ("Los Compadres"), is a produce dealer and commission merchant pursuant to the PACA, is licensed by the United States Department of Agriculture ("USDA") as a produce merchant with a principal place of business located at 1312 Randall Avenue, Bronx, NY 10474-6504.

5.      On information and belief, Josefa F. Perez ("Perez") is an owner, director and/or officer of Los Compadres.

## BACKGROUND

6.      Between June 4, 2007 and September 7, 2007, at the specific request of Los Compadres, EXP Group sold to Los Compadres, in the course and stream of interstate commerce and pursuant to contracts of sale, perishable agricultural commodities, on delivered price terms, for which Los Compadres was to pay EXP

Group in accordance with the settled price for said commodities as set forth in EXP Group's invoices.

7.    EXP Group duly delivered the perishable agriculture commodities to defendant Los Compadres.

8.    Los Compadres accepted the perishable agricultural commodities from EXP Group.

9.    At the times that the commodities were delivered, Los Compadres by its employees and agents inspected and accepted the commodities tendered, exercised complete dominion and control over them, and has since disposed of them by resale or other means.

## COUNT I
### *Against the Corporate Defendant Los Compadres*
### (Failure to Maintain Trust Under PACA)

10.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

11.    Pursuant to the trust provisions of PACA, 7 U.S.C. Section 499e(c)(2), and the regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of EXP Group as to all commodities received by Los Compadres, all inventories of food or other products derived from said commodities,

and the proceeds from the sale of such commodities until full payment is made for said commodities by Los Compadres to EXP Group.

12.    Los Compadres has failed and refused to pay for the commodities it received from EXP Group despite repeated demands.

13.    Subsequent to said sales and deliveries to Los Compadres, EXP Group invoiced Los Compadres for the agreed prices on each shipment, and sent such invoices to Los Compadres which contained the specific notice authorized by the PACA (7 U.S.C. § 499e(c)(4)), to preserve EXP Group's rights under the PACA statutory trust.

14.    After agreed upon adjustments, said invoices were retained by Los Compadres without exception or protest.

15.    EXP Group is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

16.    The failure of Los Compadres to hold in trust for the benefit of EXP Group such perishable agricultural commodities received by it from EXP Group, all inventories of food or other products derived from said commodities, and any receivables or proceeds from the sale of said commodities, until full payment of the sums owing to EXP Group for said commodities, constitute violations of Sections 2 & 5 of the PACA (7 U.S.C. §§ 499b and 499e) and PACA regulations.

17.    As a result of the aforesaid violations, EXP Group has suffered damages in the principal amount of $162,214.99, plus interest, together with EXP

4

Group's reasonable costs and attorneys fees in accordance with the terms set forth on EXP Group's invoices.

## COUNT II
### *Against the Corporate Defendant Los Compadres*
### (Dissipation of Trust Assets)

18    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

19.    Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased from EXP Group by Los Compadres that were needed to make full payment promptly to the trust beneficiary as required by the PACA (7 U.S.C. §499b), were improperly expended for other purposes.

20.    EXP Group's invoices all contained the notice authorized by the PACA (7 U.S.C. §499e(c)(4)), to preserve EXP Group's rights under the PACA statutory trust.

21.    Upon information and belief, Los Compadres received funds subject to the trust arising under the PACA (7 U.S.C. Section 499(c)), which should have been used to pay EXP Group's invoices.

22.    As a result of the dissipation of trust assets by the Defendant Los Compadres, EXP Group has suffered damages in the principal amount of $114,328.75, plus interest, together with EXP Group's reasonable costs and attorneys fees in accordance with the terms set forth on EXP Group's invoices.

**COUNT III**
*Against the Corporate Defendant Los Compadres*
**(Breach of Fiduciary Duty)**

23.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

24.    Los Compadres has failed and refuses to pay EXP Group amounts from the trust owed to EXP Group for the perishable agricultural commodities received by Los Compadres from EXP Group.

25.    The failure of Los Compadres to make said payment to EXP Group from the statutory trust fund is a violation of the PACA and the PACA regulations and is a breach of Defendant's fiduciary duty as trustee.

26.    By virtue of the foregoing, EXP Group has suffered damages in the principal amount of $162,214.99, plus interest, together with EXP Group's reasonable costs and attorneys fees in accordance with the terms set forth on EXP Group's invoices.

**COUNT IV**
*Against the Corporate Defendant Los Compadres*
**(Action for Breach of Contract)**

27.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

28.    Los Compadres contracted with EXP Group to purchase perishable agricultural commodities on account.

29.    Pursuant to the payment terms between the parties, Los Compadres is in default to EXP Group on amounts unpaid and outstanding.

30.    By failing and refusing to pay EXP Group its outstanding balance of $162,214.99, Los Compadres is in breach of its contract with EXP Group.

31.    As a result, EXP Group has suffered damages in the principal amount of $162,214.99, plus interest, together with EXP Group's reasonable costs and attorneys fees in accordance with the terms set forth on EXP Group's invoices.

### COUNT V
### *Against the Corporate Defendant Los Compadres*
### (Action on Account Stated)

32.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

33.    EXP Group duly rendered invoices and periodic statements of account to Los Compadres, which were received in the ordinary course of business.

34.    After agreed upon adjustments, Los Compadres never objected or protested any of the invoices or statements or any of the items contained therein, as was its duty and obligation if any error existed.

35.    By virtue of the above, an account has been taken between EXP Group and Los Compadres, whereby Los Compadres has admitted and acknowledged the invoices and statements as accurate and correct in all respects.

7

36.    Los Compadres is thus liable to EXP Group for damages on an account stated in the principal amount of $162,214.99, plus interest, together with EXP Group's reasonable costs and attorneys fees in accordance with the terms set forth on EXP Group's invoices.

## COUNT VI
### *Against the Individual Defendant Josefa F. Perez*
### (Breach of Fiduciary Duty/Conversion)

37.    Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states

38.    Pursuant to the PACA and the statutory trust contained therein, Los Compadres was, and still is, the statutory trustee for the benefit of EXP Group with respect to the assets constituting the trust *res*.

39.    On information and belief, the Defendant, Josefa F. Perez ("Perez"), was an officer, director and stockholder of Los Compadres during the time Los Compadres's indebtedness to EXP Group were incurred, and exercised operational control over the corporation, including its management, sales, investments and payment practices.

40.    Defendant Perez was at all times under a fiduciary obligation to protect the assets of Los Compadres from dissipation, including and especially the trust *res* being held by Los Compadres for the benefit of EXP Group, and was responsible for causing Los Compadres to fulfill its obligations to EXP Group in accordance with the PACA and the contracts of sale.

41.    Defendant Perez, in breach of his duty under the PACA and the PACA trust, has failed to maintain EXP Group's assets in the manner required by the PACA, and has knowingly diverted and/or converted EXP Group's assets, including the PACA trust *res*, to his own use.

42.    Due to the aforesaid violation of his fiduciary obligations as a controlling person of Los Compadres, his operation of said corporation in violation of law, his conversion and misappropriation of EXP Group's assets in violation of the PACA, Defendant Perez has caused Los Compadres to violate its express and implied obligations under the PACA trust.

43.    Due to his acts and omissions in operating Los Compadres, Defendant Perez is liable to EXP Group for any and all sums which EXP Group is unable to recover from the assets of Los Compadres, including costs and reasonable attorneys fees in this action and any further actions or proceedings which may be instituted.

44.    Due to his breach of fiduciary duties, Defendant Perez has damaged EXP Group in the principal amount of $162,214.99, plus interest, together with EXP Group's reasonable costs and attorneys fees in accordance with the terms set forth on EXP Group's invoices.

## COUNT VII
### *Against the Individual Defendant Josefa F. Perez*
### (Dissipation of Trust Assets)

45.    Plaintiff  repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

46.    Pursuant to the PACA and the statutory trust contained therein, the Defendant Los Compadres was, as the named purchaser of EXP Group's commodities, the statutory trustee for the benefit of EXP Group with respect to the assets it derived from its operation in the produce business including, but not limited to, the commodities delivered to, and received and accepted by Los Compadres.

47.    On information and belief, Defendant Perez has engaged in unsound conduct and business practices in the management, control and operation of Los Compadres.

48.    On information and belief, Defendant Perez, singly and in concert with others, has commingled the assets of Los Compadres with his own assets and/or has paid such assets to persons or entities not entitled to protection as beneficiaries under the PACA trust, all in further violation of his fiduciary duties.

49.    Any and all of Defendant Perez' assets and property into which said Defendant Perez has commingled any portion of the PACA trust *res* held by Los Compadres and controlled by Defendant Perez, comprises a resultant or substituted trust *res* held by Defendant Perez for the benefit of EXP Group.

**COUNT VIII**
**(Interest and Attorneys Fees - PACA)**

50.     Plaintiff repeats each of the foregoing paragraphs as if fully set forth herein, and further states:

51.     Pursuant to the PACA, 7 U.S.C. § 499e(c) and the regulations thereunder, Los Compadres was statutorily required to maintain a trust in favor of EXP Group in such amount as to make full payment to EXP Group.

52.     As a result of Los Compadres's failure to maintain the trust and to make full payment promptly, EXP Group has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

53.     As a result of Los Compadres's failure to comply with its statutorily mandated duties to maintain the trust and make full payment promptly, EXP Group has lost the use of said money.

54.     EXP Group will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if EXP Group must expend part of said payment on attorneys' fees, costs and loss of interest due to violations of PACA and PACA regulations by Los Compadres of its statutory duties to maintain the trust and make full payment promptly.

11

**WHEREFORE,** Plaintiff respectfully requests an Order and Judgment as follows:

A.    On Counts I, II and III of the Complaint against the corporate Defendant, Los Compadres Produce ("Los Compadres"):

(i)    Declaring that Los Compadres has violated the PACA statute and regulations;

(ii)    Enjoining Defendant, Los Compadres, and its agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust funds, or any interest therein, in whole or in part, absolutely or as security, until the entry of the relief requested herein and compliance therewith;

(iii)    Declaring and directing Defendant, Los Compadres, to establish and/or preserve a trust fund consisting of funds sufficient to pay plaintiff's trust claim in the principal amount of $162,214.99, plus prejudgment interest, fees, costs, including reasonable attorneys, for the sole and exclusive benefit of plaintiff;

(iv)    Declaring and directing defendant, Los Compadres, to assign, transfer, deliver and turn over to plaintiff as much of the above described trust fund as is necessary to fully compensate plaintiff for the damages it has suffered and continues to suffer, including the principal amount of $162,214.99, plus prejudgment interest, fees, costs, including reasonable attorneys, for the sole and exclusive benefit of plaintiff;

(v)    Entry of judgment in the amount of $162,214.99, plus prejudgment interest, together with fees, costs, including reasonable attorneys fees, and any further relief that may be just and proper;

B.    On Counts IV and V of the Complaint against the corporate Defendant, Los Compadres, judgment in the amount of $162,214.99, plus prejudgment interest, together with fees, costs, including reasonable attorneys fees, and any further relief that may be just and proper;

Dated: November 5, 2007

Gentile & Dickler, LLP
Attorneys for Plaintiff

By: _____
Paul T Gentile (PTG4037)
261 Madison Avenue
New York, NY 10016
(212) 619-2700