USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 1 5 2007

Gentile & Dickler, LLP (PTG 4037)
Attorneys for Plaintiff
261 Madison Avenue
New York, N.Y. 10016
(212) 619-2700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXP GROUP, LLC.,

     *Plaintiff,*

  v.

LOS COMPADRES PRODUCTS CORP.
and JOSEFA F. PEREZ,

     *Defendants.*

Case No. 07 CV 9847 (PAC)

PRELIMINARY INJUNCTION

AND NOW, this 14th day of November, 2007, upon consideration of Plaintiff's Motion for Preliminary Injunction and the Court having conducted a hearing on the matter on November 13, 2007, at which Defendants failed to appear after proper service, and review on consideration of all documents and evidence submitted by the Plaintiff, good cause having been shown, IT IS

ORDERED that Defendants Los Compadres Products Corp. ("Los Compadres") and Josefa F. Perez ("Perez") (Los Compadres and Perez, also, collectively, "Defendants"), their agents, servants, employees, and attorneys and all persons in active concert and participation with them, including, but not limited to, their banking institutions, be and they are each:

a. preliminarily enjoined from violating the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499 a *et seq.* ("PACA") and regualtions promulgated thereunder; and

b. preliminarily enjoined from, in any way, directly or indirectly, in whole or in part, absolutely or as security, assigning, selling, transferring, paying, delivering or withdrawing, using in the ordinary course of business or otherwise disposing of or taking any actions with respect to Defendants' assets derived from Los Compadres' produce sales and the following items generated in the course of Los Compadres' business: any and all perishable agricultural commodities and products derived therefrom; and proceeds and receivables derived from such perishable agricultural commodities and their products, any funds into which any and all aforesaid assets have been commingled, including, but not limited to, the contents of all bank accounts of the Defendants, to the extent of $162,214.99; and

c. ordered to provide an accounting to Plaintiff, within five (5) days after the date of this Order, of the following items generated in the course of Los Compadres' business: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other

products, in their possession, custody or control or in the possession, custody and/or control of entities controlled by Defendants, and to otherwise account for all assets of the PACA trust; and

    d. ordered to provide an accounting to Plaintiff, within five (5) days after the date of this Order, of the following items generated in the course of Los Compadres' business: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security since June 4, 2007, with a description of the property involved, the recipient, the date and the purpose of the distribution; and

    e. ordered to provide an accounting to Plaintiff, within five (5) days after the date of this Order, of all assets in the Defendants' ownership, custody, possession and/or control of entities controlled by Defendant, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of Los Compadres' sales and, if not, the source of such assets; and

f. ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Square Produce's operations and received or transferred by them on or after June 4, 2007, which are lawfully obtainable by Los Compadres; and

g. ordered to segregate and escrow all proceeds from produce sales in a trust account to be designated " Los Compadres Products Corp. PACA Escrow Account" under Los Compadres' Taxpayer Identification Number, with Plaintiff's counsel, Gentile & Dickler, LLP, as escrow agent, depositing therein all cash assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court; and

h. ordered to deliver to Plaintiff's counsel within five (5) days, complete records of all accounts payable and all accounts receivable of Los Compadres generated by its perishable agricultural commodities business, subject to those receivables being collected by Defendants or Plaintiff and deposited in the " Los Compadres Products Corp. PACA Escrow Account"; and

i. ordered to deliver to Plaintiff's counsel within five (5) days, copies of all of defendant Los Compadres' organizational documents, original and as amended, general ledger, cash receipts ledger, payment ledgers and journals and all bank statements and resolutions from the inception of Los Compadres' business;

j.  **FAILURE BY DEFENDANTS TO COMPLY WITH THIS ORDER MAY SUBJECT THE DEFENDANTS TO CONTEMPT PROCEEDINGS RESULTING IN A FINE, IMPRISONMENT OR BOTH.**

and IT IS

FURTHER ORDERED AND DECREED that Plaintiff need post no security under Fed. R. Civ. P. 65(c) and the posting of such security is waived.

## FINDINGS OF FACT

The grounds for this Order are as follows:

1. Unless restrained by this Court, this property, which is held in trust for benefit of Plaintiff, as more particularly set forth in the Complaint filed in this case, are likely to be dissipated;

2. Such dissipation will result in irreparable injury, loss and damage to Plaintiff;

3. The issuance of a preliminary injunction will prevent irreparable injury to Plaintiff in that dissipation of the property subject to the trust for the benefit of Plaintiff will deprive Plaintiff of the statutory trust created for their benefit and in their favor as set forth in the Complaint.

4. The harm to Defendants is minimal because the property subject to this Preliminary Injunction is held in trust for Plaintiff under PACA;

5. Plaintiff is likely to succeed on the merits since it has established Defendants' failure to pay for perishable agricultural commodities supplied by Plaintiff, Plaintiff's preservation of its rights as PACA trust beneficiary with respect to with respect to Los Compadres, Defendants' failure to pay the debts of Los Compadres to Plaintiffs as they fall due, the return of Defendants' checks issued for payment to Plaintiff, all establishing PACA trust asset dissipation by Defendants;

6. The posting of security is waived because Plaintiff seeks relief under 7 U.S.C. §499 e which, as stated therein, is intended to remedy a burden on commerce in perishable agricultural commodities and "to protect the public interest." Waiver will promote the purpose of that statute in effecting the prompt payment of produce suppliers. Furthermore, property subject to the preliminary injunction is held in trust for Plaintiff's benefit.

6

SO ORDERED: 11/15/07

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE