Undertaking Code 568-531

# UNDERTAKING OF BAIL

STATE OF NEW YORK

COUNTY OF *NY* } ss.:

### (UNDERTAKING BEFORE INDICTMENT)

AN ORDER HAVING BEEN MADE on the _____ day of _____,

by HON. _____

that _____ *Josephine Perez* _____
(Defendant)

he held to answer upon a charge of _____

### (UNDERTAKING AFTER INDICTMENT)

AN INDICTMENT HAVING BEEN FOUND on _____ day of _____,

in the _____ Court, _____ County, charging _____
(Defendant)

with the crime of _____

AND he having been duly admitted to bail in the sum of $ _____

WE, _____ , of _____
(Defendant)                                    (Address)

occupation _____ and INTERNATIONAL FIDELITY INSURANCE COMPANY

of One Newark Center, 20th Floor, Newark, N.J., surety, hereby undertake, jointly and severally, that the above named

*Josephine Perez* _____ shall appear and answer the charge above mentioned, in
(Defendant)

whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process

of the court; and if convicted, shall appear for judgement, and render himself in execution thereof;

or if he fails to perform either of these conditions, that we will pay the People of the State of New York, the sum of

___ *Fifty thousand* _____ ($ *50,000* _____ ) dollars.

Dated: *1 10 -08*   }

### ABSENCE OF DEFENDANT
_____
(Defendant)

INTERNATIONAL FIDELITY INSURANCE COMPANY
(Surety)

By   **IRA JUDELSON**
Attorney in fact

STATE OF NEW YORK

COUNTY OF *NY* } ss.:

On this _____ day of *January* _____

before me the subscriber appeared ___ ABSENCE OF DEFENDANT _____
(Defendant)

known to me and to me personally known to be the same person described in and who executed the foregoing
undertaking, and duly acknowledged that he executed the same.

STATE OF NEW YORK

COUNTY OF *NY* } ss.:

On the _____ day of *January* _____, in the year *2008*

before me personally came ___ **IRA JUDELSON** _____
who being by me duly sworn did depose and say that he resides in the City of New York; that he is the Attorney-in-fact
of INTERNATIONAL FIDELITY INSURANCE COMPANY the corporation described in and which executed the
above instrument; that he knows the corporate seal of said corporation; that the seal affixed to said instrument is such
corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name
thereto as Attorney-in-fact by like order; that said Company is a corporation organized, existing, and engaged in business
as a Surety Company under and by virtue of the Laws of the State of New Jersey, and has completed with all the
requirements of said laws applicable to said Company and is duly qualified to act as surety under the laws of said State.

_____
Judge of the

NY007 (7/04) Ω

THE PEOPLE OF THE STATE OF NEW YORK     Bail Affidavit
          Sec. 520.20-4
      against
                    Criminal Procedure Code

    Josephine Perez              IRA JUDELSON
                          BAIL BONDSMAN
STATE OF NEW YORK            299 Broadway, STE 1010
CITY OF                    New York, NY 10007
       NY   ss.:        Phone (212) 964-2400
COUNTY OF   NY

being duly sworn, deposes and says, that he resides at _____
_____, and is an attorney in fact and agent of
INTERNATIONAL FIDELITY INSURANCE COMPANY the surety on the bail bond of the defendant
in the above entitled action.

    That the consideration or compensation for becoming such surety on said bond is:

                      Company Premium $ _____
                      Agent's Service Charge $ _____

    paid by: promised by  4 Indemnitors

    That said surety, has received—has been promised—from each of the following persons:
                    residing at

1. Flor Perez (Sister in law)     85 Riverdale Ave Yonkers NY 10701
2. Michel Clarke (Stepdaughter)   105-77 Flatlands 1st St. Brooklyn, NY 11236
3. Enila Dela Rosa (Sister in law)   95 Riverdale Ave Yonkers NY 10701
4. Jose Liriano (Friend)     675 N. Terrace Ave Mt Vernon, NY 10552
5. _____

as security against any loss on said bail bond, an indemnity agreement and confession of judgement and
the following described collateral:

1. Collateral —
2. Promissory Note
3. Confession of Judgment —
4. _____
5. _____

    That the said surety, has received—has been promised—from:
                    residing at

1. 85 Riverdale Ave Yonkers NY 10701
2. 105-77 Flatlands 1st St. Brooklyn NY 11236
3. 95 Riverdale Ave Yonkers, NY 10701
4. 675 N. Terrace Ave Mt Vernon NY 10552
    in business as
1. Self-Employed (Catering Business)   85 Riverdale Ave Yonkers, NY 10701
2. Program Director (BMS Family Health)   592 Rockaway Ave
3. Supervisor (Richmond Children Center)   99 North Broadway
4. Pharmacy Clerk   411 W. 138th St. Bronx, NY 10454
an agreement in writing and confession of judgement duly executed, whereby they have contracted and
agree with the said surety to indemnify the said surety against any loss under said bail bond.

    That the said surety has not nor has any other person, firm or corporation on its behalf, either directly
or indirectly, received nor has been promised any money or other property or thing of value or considera-
tion, nor any security, indemnity or guaranty of any kind whatsoever except as herein set forth, and except
that the agent _____
has executed a general indemnity agreement and deposited general collateral for the benefit of the surety
only.

    That the amount herein set forth as the consideration or compensation received, promised or agreed
to be paid is the only sum of money or thing of value which has ever been received or promised by any per-
son, firm or corporation, in writing or otherwise, as the consideration or compensation herein or for any
other purpose whatsoever. No previous application for this bail has been made to Anyone
_____and denied for the following reasons_____
_____and except for such application no previous application was
made.

    That each of the foregoing statements are made by deponent to induce the Court to accept the said
surety on the bail bond of the defendent herein, and deponent knows of his own personal knowledge that
each of the foregoing statements is true, accurate and complete.

    Sworn to before me this _____
      day of   January , 20 08