# Weinberg, Gross & Pergament LLP

### ATTORNEYS AT LAW
Suite 403
400 Garden City Plaza
Garden City, New York 11530

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-21-08

Marc A. Pergament
Partner

Telephone: (516) 877-2424 Ext. 226
Facsimile: (516) 877-2460
Email: mpergament@wgplaw.com

January 18, 2008

*[Handwritten endorsement:]* January 21, 2008

The application is denied. Counsel for defendants has been aware of this matter since Friday, January 11, 2008, but took no steps to appear or answer or to engage counsel for plaintiff. Further, the applicable law provides that a trust is imposed on the sale proceeds of agricultural products. Defendant has offered no explanation at all as to where the trust funds are. In these circumstances, the Court must decline this application for a modification.

So ordered.
*[signature]*
USDJ

VIA ECF AND FACSIMILE TRANSMITTAL
(212) 805-6304

Honorable Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Room 735
New York, New York 10007

Re: Exp Group, LLC v. Los Compadres
Products Corp. and Josefa F. Perez
Case No. 07 CV 9847

**MEMO ENDORSED**

Dear Judge Crotty:

    This firm is counsel for Defendants, Los Compadres Products Corp. and Josefa F. Perez in the above referenced matter. Based on Ms. Perez's prior failure to appear in this matter, by Order dated January 17, 2008, following a hearing, you ordered that the U.S. Marshal of the Southern District of New York hold Ms. Perez in custody "until bond in the amount of $100,000.00 has been posted, unless modified by further order of the Court." Please accept this letter as an application on behalf of Ms. Perez for a modification of the bond amount from $100,000.00 to $50,000.00.

    Since entry of the Order, Ms. Perez's family exhausted every resource to gather the assets necessary to post a $100,000.00 bond. That effort proved unsuccessful. However, based on the willingness of relatives and friends of Ms. Perez to let their assets be used as collateral, on January 18, 2008, Ms. Perez was able to secure a $50,000.00 bond. (A copy of the bond that Ira Judelson, bail bondsman, is prepared to file with the Court in the sum of $50,000.00 is annexed hereto.)

    Upon being notified of the foregoing, we contacted counsel for the Plaintiff, Paul G. Gentile, Esq., and asked that he consent to a reduction in the amount of the bond from $100,000.00 to $50,000.00. Mr. Gentile declined absent Ms. Perez agreeing to certain conditions that we found unacceptable.

Honorable Paul A. Crotty
January 18, 2008
Page 2

Under the circumstances, we believe that the requested modification of the Order is in the interests of fairness and justice. In addition, Ms. Perez's release from custody will enable her to participate in our preparation for the conference scheduled for January 24, 2008.

Respectfully yours,

Marc A. Pergament

MAP:kg

cc:   VIA ECF AND FACSIMILE TRANSMITTAL
      (212) 619-3626
      Paul G. Gentile, Esq.
      Gentile & Dickler, LLP
      261 Madison Avenue
      New York, New York 10016

Undertaking Code 568-551

# UNDERTAKING OF BAIL

STATE OF NEW YORK  
COUNTY OF NY } ss.:

(UNDERTAKING BEFORE INDICTMENT)

AN ORDER HAVING BEEN MADE on the _____ day of _____

by HON. _____

that _____ Josephine Perez _____
(Defendant)

be held to answer upon a charge of _____

(UNDERTAKING AFTER INDICTMENT)

AN INDICTMENT HAVING BEEN FOUND on _____ day of _____

in the _____ Court, _____ County, charging _____
(Defendant)

with the crime of _____

AND he having been duly admitted to bail in the sum of $ _____

WE, _____ of _____
(Defendant)        (Address)

occupation _____ and INTERNATIONAL FIDELITY INSURANCE COMPANY of One Newark Center, 20th Floor, Newark, NJ, surety, hereby undertake, jointly and severally, that the above named

_____ Josephine Perez _____ shall appear and answer the charge above mentioned, in
(Defendant)

whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court; and if convicted, shall appear for judgement, and render himself in execution thereof; or if he fails to perform either of these conditions, that we will pay the People of the State of New York, the sum of

_____ Fifty Thousand _____ ($ 50,000 _____) dollars.

Dated: 1/10/08

**ABSENCE OF DEFENDANT**
(Defendant)

INTERNATIONAL FIDELITY INSURANCE COMPANY
(Surety)

By **IRA JUDELSON**
Attorney in fact

STATE OF NEW YORK  
COUNTY OF NY } ss.:

On this _____ day of January _____

before me the subscriber appeared **ABSENCE OF DEFENDANT**
(Defendant)

known to me and to me personally known to be the same person described in and who executed the foregoing undertaking, and duly acknowledged that he executed the same.

STATE OF NEW YORK  
COUNTY OF NY } ss.:

On the _____ day of January _____, in the year 2008

before me personally came _____ **IRA JUDELSON** _____
who being by me duly sworn did depose and say that he resides in the City of New York; that he is the Attorney-in-fact of INTERNATIONAL FIDELITY INSURANCE COMPANY the corporation described in and which executed the above instrument; that he knows the corporate seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto as Attorney-in-fact by like order; that said Company is a corporation organized, existing, and engaged in business as a Surety Company under and by virtue of the Laws of the State of New Jersey, and has complied with all the requirements of said laws applicable to said Company and is duly qualified to act as surety under the laws of said State.

Judge of the _____

N-087 (7/86) 0

THE PEOPLE OF THE STATE OF NEW YORK

against

Josephine Perez

Bail Affidavit
Sect. 520.20-4
Criminal Procedure Code

IRA JUDELSON
BAIL BONDSMAN
299 Broadway, STE 1010
New York, NY 10007
Phone (212) 964-2400

STATE OF NEW YORK
CITY OF
COUNTY OF NY ss.:

being duly sworn, deposes and says, that he resides at _____
_____, and is an attorney in fact and agent of
INTERNATIONAL FIDELITY INSURANCE COMPANY the surety on the bail bond of the defendant
in the above entitled action.

That the consideration or compensation for becoming such surety on said bond is:

Company Premium, $ _____
Agent's Service Charge $ _____

paid by; promised by 4 Indemnitors

That said surety, has received—has been promised—from each of the following persons:
residing at

1. Flor Rojas (Sister in law)    85 Riverdale Ave Yonkers NY 10701
2. Michel Clarke (Stepdaughter)    105-77 Flatlands 1st St. Brooklyn, NY 11236
3. Enid Dela Rosa (Sister in law)    95 Riverdale Ave Yonkers NY 10701
4. Jose Laciour (Friend)    625 N. Terrace Ave Mt Vernon, NY 10552
5. _____

as security against any loss on said bail bond, an indemnity agreement and confession of judgment and the following described collateral:

1. Collateral
2. Promissory Note
3. Confession of Judgment
4. _____
5. _____

That the said surety, has received—has been promised—from:
residing at

1. 85 Riverdale Ave Yonkers NY 10701
2. 105-77 Flatlands 1st St. Brooklyn, NY 11236
3. 95 Riverdale Ave Yonkers NY 10701
4. 625 N. Terrace Ave Mt Vernon, NY 10552

in business as

1. Self-Employed (Catering Business)    85 Riverdale Ave Yonkers NY 10701
2. Program Director (BMS Family Health)    570 Rockaway Ave
3. Supervisor (Richmond Children Center)    99 North Broadway
4. Pharmacy Clerk    241 E. 138 St. Bronx, NY 10454

an agreement in writing and confession of judgment duly executed, whereby they have contracted and agree with the said surety to indemnify the said surety against any loss under said bail bond.

That the said surety has not nor has any other person, firm or corporation on his behalf, either directly or indirectly, received nor has been promised any money or other property or thing of value or consideration, nor any security, indemnity or guaranty of any kind whatsoever except as herein set forth, and except that the agent _____ has executed a general indemnity agreement and deposited general collateral for the benefit of the surety only.

That the amount herein set forth as the consideration or compensation received, promised or agreed to be paid is the only sum of money or thing of value which has ever been received or promised by any person, firm or corporation, in writing or otherwise, as the consideration or compensation herein or for any other purpose whatsoever. No previous application for this bail has been made to Anyone
_____ and denied for the following reasons _____
_____, and except for such application no previous application was made.

That each of the foregoing statements are made by deponent to induce the Court to accept the said surety on the bail bond of the defendant herein, and deponent knows of his own personal knowledge that each of the foregoing statements is true, accurate and complete.

Sworn to before me this _____
day of January, 20 08

IFIO - NY050