Undertaking Code 568-531

# UNDERTAKING OF BAIL

07CV9847(PAC)

STATE OF NEW YORK  
COUNTY OF NY } ss.:

(UNDERTAKING BEFORE INDICTMENT)

AN ORDER HAVING BEEN MADE on the _____ day of _____
by HON. _____
that _____
        (Defendant)

be held to answer upon a charge of _____

*[stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 1/25/08]*

(UNDERTAKING AFTER INDICTMENT)

AN INDICTMENT HAVING BEEN FOUND on _____ day of _____,
in the _____ Court, _____ County, charging _____
                                                                         (Defendant)
with the crime of _____

AND he having been duly admitted to bail in the sum of $ _____

WE, _____, of _____
     (Defendant)                              (Address)

occupation _____, and INTERNATIONAL FIDELITY INSURANCE COMPANY
of One Newark Center, 20th Floor, Newark, N.J., surety, hereby undertake, jointly and severally, that the above named
**Josephine Perez** shall appear and answer the charge above mentioned, in
         (Defendant)

whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court; and if convicted, shall appear for judgement, and render himself in execution thereof; or if he fails to perform either of these conditions, that we will pay the People of the State of New York, the sum of **Fifty Thousand** ($ **50,000** ) dollars.

Dated: 1/25/08

APPROVED AS TO FORM  
& AS PER ORDER OF  
JUDGE CROTTY DTD 1/25/08  
J Michael McMahon  
Clerk  
By _____ Dep. Clerk

**ABSENCE OF DEFENDANT**

_____
(Defendant)

INTERNATIONAL FIDELITY INSURANCE COMPANY
(Surety)

By **MICHAEL RENDE**
     Attorney-in-fact

STATE OF NEW YORK  
COUNTY OF NY } ss.:

On this _____ 25th _____ day of _____ January _____
before me the subscriber appeared _____ ABSENCE OF DEFENDANT
                                                        (Defendant)
known to me and to me personally known to be the same person described in and who executed the foregoing undertaking, and duly acknowledged that he executed the same.

STATE OF NEW YORK  
COUNTY OF NY } ss.:

On the _____ 25th _____ day of _____ January _____, in the year 2008
before me personally came _____ MICHAEL RENDE _____
who being by me duly sworn did depose and say that he resides in the City of New York; that he is the Attorney-in-fact of INTERNATIONAL FIDELITY INSURANCE COMPANY the corporation described in and which executed the above instrument; that he knows the corporate seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto as Attorney-in-fact by like order; that said Company is a corporation organized, existing, and engaged in business as a Surety Company under and by virtue of the Laws of the State of New Jersey, and has complied with all the requirements of said laws applicable to said Company and is duly qualified to act as surety under the laws of said State.

_____
Judge of the

NY-007 (7/06) Q

## POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
### CORPORATE HEADQUARTERS
### P.O. BOX 2810
### CALABASAS, CA 91372-9810

| Authority For: | ITEM 1 | ITEM 2 Not Valid For Excess Of | ITEM 3 Executed and Notarized | ITEM 4 Not Valid If Used After | POWER NUMBER |
|---|---|---|---|---|---|
| To Act As Attorney-In-Fact | MICHAEL RENDE | $50,000.00 | 4-1-07 | 4-1-08 | IJJ- 22450 |

KNOW ALL MEN BY THESE PRESENTS: That the INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey Corporation, has made, constituted and appointed, and by these presents does make, constitute and appoint the person whose name is set forth in item (1) above its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for an on its behalf and as its act and deed, as surety,

a BAIL BOND on behalf of ___Josephine Perez___ in the amount of $ ___50,000___

To be given to ___State of NY___ Court

Provided:

(A) That the authority of such Attorney-In-Fact to bind the company shall not exceed the sum set forth in item (2) above and
(B) That the Power of Attorney is used on or before the date set forth in Item (4) above, and
(C) That this Power of Attorney is filed with the bond and retained as part of the court record.
The said Attorney-In-Fact is hereby authorized to insert in his Power-Of-Attorney the court and the name of the person on whose behalf this bond was given, and
(D) The authority of this Attorney-In-Fact is limited to appearance bonds, in criminal cases only and cannot be construed to guarantee for failure to provide payments, back alimony payments, fines or wage claims.

\* THIS POWER VOID IF ALTERED OR ERASED AND CAN ONLY BE USED ONCE AND CANNOT BE COMBINED WITH OTHER POWERS OF THE COMPANY TO FURNISH BAIL IN EXCESS OF THE STATED FACE AMOUNT OF THIS POWER.

IN WITNESS WHEREOF THE INTERNATIONAL FIDELITY INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed on the date set forth in item (3) above.

INTERNATIONAL FIDELITY INSURANCE COMPANY

NORMAN R. KONVITZ, Executive Vice President

STATE OF NEW JERSEY
County of Essex

On the date set forth in Item (3) above, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is therein described and authorized officer of the International Fidelity Insurance Company; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company, pursuant to the following Resolution adopted since September 12, 1967 by the Directors of said Company, and now in force to wit:

RESOLVED, that the President or any Vice-President of INTERNATIONAL FIDELITY INSURANCE COMPANY is hereby authorized and empowered to appoint Attorneys-In-Fact with full power and authority to execute civil and criminal bail bonds on behalf of the Company, and to certify a copy of this resolution as well as a financial statement of the Company and affix the corporate seal of the Company thereunto.

RESOLVED further, that the signature of the President or any Vice-President of INTERNATIONAL FIDELITY INSURANCE COMPANY may be affixed by facsimile to any power of attorney, and the signature of the Secretary or any Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of such power, and any such power or certificate bearing such facsimile signature or seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed with respect to any bond to which it is attached continue to be valid and binding upon the Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, and the City of Newark, New Jersey the day and year first above written.

Notary Public
My Commission Expires June 19, 2010

### CERTIFICATE OF DISCHARGE OF BOND

| AGENT'S NAME | POWER LIMIT | EXPIRATION DATE | POWER NUMBER |
|---|---|---|---|
| MICHAEL RENDE | $50,000.00 | 4-1-08 | IJJ- 22450 |

This is to certify that I have examined the records of the court and found the liability of INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey Corporation, for the bond shown with the corresponding power number was terminated on _____

Court: _____

By: _____ (Seal)
(Signature of Clerk or other officer of the Court)

Defendant ___Josephine Perez___
Amount $ ___50,000___
Date Posted ___1/25/07___
Charge _____
Case No. _____

INTERNATIONAL FIDELITY INSURANCE COMPANY
P.O. Box 9810
Calabasas, CA 91372-9810

**THE PEOPLE OF THE STATE OF NEW YORK**

Affidavit
Sect. 520.20-4
Criminal Procedure Code

against

Josephine Perez

STATE OF NEW YORK
CITY OF
COUNTY OF NY        ss.:

IRA JUDELSON
BAIL BONDSMAN
299 Broadway, STE 1010
New York, NY 10007
Phone (212) 964-2400

being duly sworn, deposes and says, that he resides at _____

_____, and is an attorney in fact and agent of INTERNATIONAL FIDELITY INSURANCE COMPANY the surety on the bail bond of the defendant in the above entitled action.

That the consideration or compensation for becoming such surety on said bond is:

Company Premium $ 3,260
Agent's Service Charge $ _____

paid by: promised by  4 Indemnitors

That said surety, has received — has been promised — from each of the following persons:
residing at

1. Flor Perez (Sister in Law)     85 Riverdale ave Yonkers NY 10701
2. Jose Liciano (Friend)          675 N. Terrace Mt. Vernon NY 10552
3. Zoila Debrosa (Sister in Law)  95 Riverdale ave Yonkers NY 10701
4. Michel Clarke (Step Daughter)  10577 Flatlands Brooklyn NY 11236
5. 

as security against any loss on said bail bond, an indemnity agreement and confession of judgement and the following described collateral:

1. Collateral - Bank account # 12,245.74
2. Promisary Note - 50,000
3. Confession of Judgment - 50,000
4.
5.

That the said surety, has received — has been promised — from:
residing at

1. 85 Riverdale ave Yonkers NY 10701    10577 Flatlands Brooklyn NY 11236
2. 675 N. Terrace Mt. Vernon NY 10552
3. 95 Riverdale ave Yonkers NY 10701

in business as                          at

1. Flor Perez Catering Service          95 Riverdale ave NY NY
2. Pharmaceutical Clerk Espaniola Inc   411 138 St BX NY 10454
3. Supervisor Richmond Childrens Center 919 North Broadway
4. Program Director / BMS Family Health 592 Rockaway Ave Queens NY

an agreement in writing and confession of judgement duly executed, whereby they have contracted and agree with the said surety to indemnify the said surety against any loss under said bail bond.

That the said surety has not nor has any other person, firm or corporation on its behalf, either directly or indirectly, received nor has been promised any money or other property or thing of value or consideration, nor any security, indemnity or guaranty of any kind whatsoever except as herein set forth, and except that the agent _____MICHAEL RENDE_____ has executed a general indemnity agreement and deposited general collateral for the benefit of the surety only.

That the amount herein set forth as the consideration or compensation received, promised or agreed to be paid is the only sum of money or thing of value which has ever been received or promised by any person, firm or corporation, in writing or otherwise, as the consideration or compensation herein or for any other purpose whatsoever. No previous application for this bail has been made to __Thuiano__ _____ and denied for the following reasons _____ _____ and except for such application no previous application was made.

That each of the foregoing statements are made by deponent to induce the Court to accept the said surety on the bail bond of the defendant herein, and deponent knows of his own personal knowledge that each of the foregoing statements is true, accurate and complete.

Sworn to before me this  25th
day of  January , 20 08

IFIC - NY082

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EXP GROUP, LLC

               Plaintiff,      :    07 CV 9847 (PAC)

       -against-

                                     ORDER

LOS COMPADRES PRODUCTS CORPS
and JOSEFA F. PEREZ,

              Defendants.

------------------------------------------------------------X

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED: JAN 2 5 2008**

HONORABLE PAUL A. CROTTY, United States District Judge:

In accordance with the hearing conducted on January 24, 2007, the order of this Court dated January 17, 2008 is modified as follows. It is hereby **ORDERED** that the U.S. Marshals of the Southern District of New York release Ms. Perez from their custody when a bond in the amount of $50,000.00 has been posted with the Clerk of Court. Upon posting of the bond, Ms. Perez is ordered to deliver her passport to the custody of the U.S. Marshals where it shall remain until further notice. The $50,000.00 bond will secure Ms. Perez' continued appearance before the court, and the performance of the terms of the Amended Injunction issued on November 16, 2007. The November 16, 2007 Amended Injunction will be enforced, and the Court will monitor its compliance until the next scheduled hearing date of February 5, 2008 at 11:00 in Courtroom 20-C.

Dated: New York, New York
       January 25, 2008

SO ORDERED.

_____
PAUL A. CROTTY
United States District Judge

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

1