# Weinberg, Gross & Pergament LLP

### ATTORNEYS AT LAW

Suite 403
400 Garden City Plaza
Garden City, New York 11530

Marc J. Weingard
*Partner*

Telephone: (516) 877-2424 Ext. 233
Facsimile: (516) 877-2460
Email: mweingard@wgplaw.com

March 21, 2008

VIA ECF and EMAIL Ovalles@nysd.uscourts.gov

Honorable Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Room 735
New York, New York 10007

                         Re:     Exp Group, LLC v. Los Compadres
                                     Products Corp. and Josefa F. Perez
                                     Case No. 07 CV 9847 (PAC)

Dear Judge Crotty:

         This firm is counsel for Defendants Los Compadres Products Corp. ("Los Compadres"), Josefa F. Perez and Pablo Perez in the above referenced matter. At 4:00 p.m. on March 20, 2008, we received via email two (2) proposed orders and a proposed judgment and order from Plaintiff's counsel relating to the settlement of this case on March 13, 2008. Prior to submitting the proposed orders and judgment, Plaintiff's counsel did not contact Defendants' counsel to discuss their contents. Plaintiff's counsel has requested that this Court sign the orders and the judgment if no objection is received by the Defendants by close of business on March 21, 2008.

         For the reasons set forth herein, Defendants hereby object to the proposed order enforcing the settlement terms, particularly paragraphs "1," "2," "4" and "5" thereof. The Defendants additionally object to the proposed judgment to the extent that the proposed judgment embodies these paragraphs. The Defendants have no objection to the proposed order adding Pablo Perez as a Defendant. However, we note that the captions of the proposed order enforcing the settlement terms and the proposed judgment should be modified to include Pablo Perez as a named Defendant.

         With respect to paragraphs "4" and "5," the Plaintiff has not provided for the Defendants to receive a credit against the judgment amount for the payments to be made: (a) from the performance bond ($27,500.00); or (b) in monthly installments commencing on May

Honorable Paul A. Crotty
United States District Judge
March 21, 2008
Page 2

15, 2008 ($22,500.00). Nothing that occurred in Court or that was stated on the record on March 13, 2008 supports the Plaintiff's position that its judgment should not be reduced to reflect its receipt of these sums.

If this Court accepts the Plaintiff's position that the Defendants should not receive a credit against the judgment amount for the $50,000.00 to be paid to Plaintiff under paragraph "1" of the order enforcing the settlement terms, paragraph "4" of that order should be modified to delete the reference to $20,000.00 in attorney's fees. While the Defendants had agreed to reimburse the Plaintiff its reasonable attorney's fees incurred in pursuing the contempt motion, to the extent that the $50,000.00 to be paid under paragraph "1" is characterized as purely a contempt payment, it would constitute a windfall to Plaintiff to recover any attorney's fees as part of the judgment. In this regard, courts have uniformly held that "[t]he law in this area is clear - PACA itself does not create a right to attorneys' fees." *Top Banana, L.L.C. v. Dom's Wholesale & Retail Center, Inc.*, No. 04 Civ.2666, 2005 WL 1149774, *2 (S.D.N.Y. 2005) (Peck, Chief Magistrate Judge).

The Defendants further object to paragraph "4" of the order enforcing the settlement terms to the extent that the Plaintiff seeks prejudgment interest "at the statutory rate of [sic] 9%." In *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063 (2d Cir. 1995), the Second Circuit rejected the plaintiff's argument that the trial court should have applied New York State's statutory 9% rate to its judgment under the PACA statute. The Court reasoned that the plaintiff's claim was "purely a product of a federal statute," and that as a result, the trial court did not abuse its discretion in applying the "federal prejudgment interest rate." *Endico Potatoes, Inc.*, 67 F.3d at 1072. Thus, paragraph "4" should be modified to reflect that Plaintiff is entitled to prejudgment interest at the federal rate, which is based on the average rate of return on one-year Treasury bills for the relevant time period. *See* 28 U.S.C. § 1961(a). This rate of interest is far less than the 9% sought by Plaintiff.

The Defendants further object to the requirement in paragraph "1" of the proposed order that the Defendants "shall immediately pay to Plaintiff, from the posted bond of $50,000.00, the sum of Twenty-Seven Thousand Five Hundred ($27,500.00) Dollars." The Defendants' obligation should be limited to notifying the bail bondsman of the entry of the order and the judgment immediately upon their entry. At that point, it is the responsibility of the bail bondsman to follow the procedures necessary to release the $27,500.00 in posted funds. If paragraph "1" is not modified to reflect the foregoing, the Defendants could find themselves the subject of another motion for contempt based on circumstances over which they have no control.

Honorable Paul A. Crotty
United States District Judge
March 21, 2008
Page 3


      Finally, the bare reference to "Plaintiff" in paragraphs "1" and "2" of the order enforcing the settlement terms is confusing. Typically, payments to be made under settlement agreements are directed to the office of the plaintiff's counsel, not the office of the plaintiff. The order should specify where the payments are to be directed and to whom any checks are to be made payable.

      The Defendants are preparing a proposed counter order and a proposed counter judgment consistent with the foregoing and shall forward same to the Court on March 24, 2008.

Respectfully yours,

Marc J. Weingard

MJW:kg

cc:    VIA FACSIMILE TRANSMITTAL
       (212) 619-3626
       Paul G. Gentile, Esq.
       Attorney for Plaintiff