# GENTILE & DICKLER, LLP

**ATTORNEYS AT LAW**
261 MADISON AVENUE, 25ᵗʰ FLOOR
NEW YORK, NY 10016

**PAUL T. GENTILE**

(212) 619-2700
Fax  (212) 619-3626

May 9, 2008

**VIA EMAIL**
**AND ELECTRONIC FILING**

Hon. Paul A. Crotty, U.S.D.J.
U.S. District Court, S.D.N.Y.
500 Pearl Street, Room 735
New York, NY 1007

Re:   EXP Group, LLC. v. Los Compadres Products Corp. and
Josefa F. Perez;  Case No.: 07 cv 9847

Dear Judge Crotty:

At the conclusion of a hearing held on May 1, 2008, the Court directed submission of briefs regarding the liquidation of a $50,000.00 bond posted by the defendants.  The Court allowed submission of the brief by letter to chambers.  The following constitutes the brief for the plaintiff.

1. Controlling Law

28 U.S.C. § 1352 grants original jurisdiction over disputes involving bail bonds posted in a federal matter.  In hearing controversies pursuant to § 1352 it has been held that the court should look to state law for controlling principles of law.  U.S., et al. v. Morgan, C.A. 5 (Miss) 1976 542 F2d 262.  As a consequence, the laws and decisions of the State of New York are applicable to the instant controversy.

2.  Relevant Facts

Following various orders of the Court, the defendant Josefa Perez was taken into custody by the United States Marshal Service for failure of Ms. Perez to comply with the orders of the Court.  On January 25, 2008, the Court issued an order directing that Ms. Perez be released from custody upon the posting of a $50,000.00 bond and the surrender of her passport.  The Court further ordered that "The $50,000.00 will secure Ms. Perez' continued appearance before the court, **and the performance of the terms of the Amended injunction issued on November 16, 2007.**" (emphasis added).

GENTILE & DICKLER, LLP

Hon. Paul A. Crotty, U.S.D.J.
May 9, 2008
Page 2


On March 13, 2008, at the conclusion of a hearing in which the plaintiff was seeking forfeiture of the $50,000.00 bond due to Ms. Perez' failure to comply with the Court's Amended Injunction dated November 16, 2007, the parties settled the case, including compliance issues, by agreement of payment to the plaintiff, among other settlement terms, of $50,000.00 by the defendant. Payment would be made by paying $27,500.00 from the bond followed by installment payments of $1,250.00 per month, for eighteen (18) months, commencing May 15, 2008 until the balance of $22,500.00 was paid. The terms of the settlement were made in open court where the defendants and bond guarantors were present. The defendants consented and guarantors did not object. The installments are secured by the remaining amount left in the bond. (Attached hereto as **Exhibit "A"** are pages 98 through 102 of the transcript of the proceedings relating to the settlement.) As of this date, no payments have been made by the defendants nor the bail bondsman, Ira Judelson.

At the May 1, 2008 conference, the bail bondsman contended that the bond only secured Ms. Perez' attendance and not her performance. Judelson further contended that he knew nothing about the performance requirements and therefore was not obligated to make payment. Judelson cited the wording of the instrument and claimed that Perez' attorneys merely sought an appearance bond. The plaintiff contended that the bondsman is liable for the payment either through the bond or personally through his negligence and failure to make due diligence before posting the bond.

## Argument

### Point I – Judelson Had a Duty to Ascertain the Nature of the Bond Requirement

The bail bondsman, acting in the capacity of surety, must inquire as to the facts which would be apparent to a reasonable person and take affirmative steps to obtain additional information. If the surety fails to inform himself of the information he needs he will not be relieved of his obligations upon a claim that the surety was induced by bad faith on the part of the obligee (Security National Bank v. Companies, 1959, 190 NYS 2d 820, affirmed, 2nd Dept., 199 NYS 2d 532; Azrak v. Mfgers Trust, 1953, 120 NYS 2d 855, Bostwick v. Van Vorhees, 1883, 91 NY 353. At a minimum, Judelson had a duty to determine, independent of the defendant or defendant's counsel, the purpose of the bond he was about to post in Federal

GENTILE & DICKLER, LLP
Hon. Paul A. Crotty, U.S.D.J.
May 9, 2008
Page 3


District Court.

Furthermore when a bond is given pursuant to another instrument, or refers thereto, the bond and such other instrument should be construed together insofar as they throw light upon each other, in order to arrive at the intention of the parties. This requirement includes reference to a judicial order which required bond. Sonneborn v. Libbey, 1886, 102 NY 539.

In the instant case, the Court's requirements concerning the purpose and scope of the $50,000.00 bond are public record and accessible at the courthouse or online at http://pacer.psc.uscourts.gov/. Attached hereto as **Exhibit "B"** is a copy of the online entry obtained from Pacer regarding the Court's January 13, 2008 order.)

A surety cannot rely upon ignorance or mistake. A surety cannot escape liability because its effect is different from what it's supposed to be. Wheaton v. Fay, 1875 62 NY 275. Azrah v Mfgers Trust Co. (*supra*). Sureties have a duty to look out for themselves and ascertain the nature of the obligation embraced in their undertaking. Western Union New York Life Ins. Co. v. Clinton, 1876, 66 NY 326.

**Point II – Fraud or Misrepresentation Is No Defense to Judelson's Obligation to Pay**

The fact that the defendant and/or her attorneys misinformed Judelson, intentionally or negligently, is of no matter. It has been held that the fact that a surety was induced to sign by the fraud of his principal should not relieve the surety from liability on the bond, where the obligee was in no way privy to the fraud. Kelly v. Christal, 1878, NY 16 Hun 242, affirmed 81 NY 619; McIntire v. Wiegand, 1890, City Ct. 10 NYS 3, Coleman v. Bean, Abb App Dec 394, 32 How Pr. 370.

Although the law requires the obligee to act in good faith toward a surety, the obligee is not held responsible for any deception practiced by the principal upon the surety without knowledge of the obligee. If the obligee changes his position to the principal in reliance on the bond, the surety remains bound despite the fraudulent conduct of the principal or a stranger. Western N.Y. Life v. Clinton (supra), Casoni v. Jerome 1874, 58 NY 315; McWilliams v. Mason, 1865, 31 NY 294; Coleman v. Bean Abb. App. Dec. 394; Re: Summons Will, 1925, 213 AD 875; Damon v. Dunfree, 1911, NYS 142, affd 205 NY 543. In the instant case, the plaintiff obligee

**GENTILE & DICKLER, LLP**
Hon. Paul A. Crotty, U.S.D.J.
May 9, 2008
Page 4

was not involved in the alleged deception or misunderstanding. In addition, the plaintiff obligee changed its position; i.e., settled the case, in reliance upon the posting of a performance bond.

Judelson's defense is further extinguished by the equitable principal that where one of two innocent parties must suffer, he who has put in the power of the third person to perpetrate the fraud must sustain the loss; i.e., if both the bail bondsman and the plaintiff are innocent parties, it is the bail bondsman who enabled the defendants or their attorneys to perpetrate the fraud in settling the case based upon the bond. In such a case, equity requires that the surety (bail bondsman) must sustain the loss and pay the plaintiff. In turn, the surety reserves his right to recoup the loss from the defendants and/or attorneys for the defendants. Page v. Krekey, 1892, 17 N.Y.S. 764.

**Point III – Wording in the Bond Is Not Controlling**

The simple fact that the wording on the bond does not provide for performance obligations does not negate the obligation of the surety to make payment. The New York rule that requires strict construction of a surety's contract will be relaxed where a compensated surety is involved and the obligee (the plaintiff) has made substantial performance of the condition precedent to the surety's liability; i.e., the settlement. The surety is not entitled to a construction of the bond that would defeat the object and purpose of his undertaking. <u>Bennett v. Brown</u>, 1859, 20 NY 99. The object and purpose of Mr. Judelson's undertaking is clearly set out in the Court's January 25, 2008 order.

The intent of the parties, plaintiff and defendant, was to obtain an appearance and compliance bond. The wording in the bond creates an ambiguity because it is contrary to the intent of the parties and the Court. The general rule that in the case of an ambiguity, a contract is to be construed most strongly against the contractor in favor of the person who accepted the contract and expected to be benefitted by it, requires an ambiguity in a surety's contract to be construed most strongly against the surety. Gamble v. Cunco, 21 A.D. 413, (1st Dept. 1897), aff'd without opinion 162 NY 634 (1900).

**GENTILE & DICKLER, LLP**
Hon. Paul A. Crotty, U.S.D.J.
May 9, 2008
Page 5

**Point IV – The Statutory Recitals in the Bond Were Waived by the Surety and Court Should Amend the Recitals to Fix the Surety's Liability to Plaintiff**

By failing to review the public record, both before and after posting the bond, the bail bondsman has waived his claim that he is free from liability on the grounds that the statutory requirements set forth in the recital, pursuant to which the bond was given, have not been met. Harrison v. Wilkin, 69 NY 412, 1877.

Furthermore, a recital may, at the discretion of the court, be amended, depending upon whether factors which would in justice require the amendment. Here the facts of the case warrant the Court amending the recitals to include performance. Dale v. Gilbert, 128 N.Y. 625, 1891.

## Conclusion

Based upon the clear and unambiguous language of the Court's order requiring a $50,000.00 appearance and compliance bond, and the reliance upon the bond by the plaintiff and the court in releasing the defendant Josefa Perez from custody and accepting the settlement, and the failure of the bail bondsman to make any independent inquiry into the purpose of the bond, the Court should issue an order requiring Judelson to make immediate payment to the plaintiff in the sum of $27,500.00. Absent payment by Judelson, the defendant must be placed in custody until a performance bond of $50,000.00 has been filed with the Court.

Very truly yours,

Paul T. Gentile

PTG:fm
Enc.
cc:  Marc J. Weingard, Esq. (via email)
     Michael S. Discioarro, Esq. (via email)
     Lawrence R. DiGiansante, Esq. (via emai)